

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Elizabeth M. Harris*
*Assistant United States Attorney*   *970 Broad Street, Suite 700*
*Newark, NJ 07102*   *973/645-2700*

EMH/PL AGR
2013R00051

October 30, 2013

VIA EMAIL & FIRST CLASS MAIL
Peter M. Carter, Esq.
Federal Public Defender's Office
1002 Broad Street
Newark, New Jersey 07102

<span style="float:right">14\18</span>

        Re:   <u>Plea Agreement with Nathaniel Tullies</u>

Dear Mr. Carter:

        This letter sets forth the plea agreement between your client, NATHANIEL TULLIES, and the United States Attorney for the District of New Jersey ("this Office").

Charge

        Conditioned on the understandings specified below, this Office will accept a guilty plea from NATHANIEL TULLIES to an Information, which will charge him with: (1) one count of carjacking, in violation of Title 18, United States Code, Section 2119(1) and Section 2; and (2) one count of brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Section 2.

        If NATHANIEL TULLIES enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against NATHANIEL TULLIES for the armed carjacking on November 8, 2012, of a 2006 Chevrolet Impala in Newark, New Jersey, that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another, Victim 1, by force and violence and by intimidation. This agreement does not bar the use of such conduct as evidence of a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to Title 18, United States Code Sections 1961 et seq. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by NATHANIEL TULLIES may be commenced against him,

notwithstanding the expiration of the limitations period after NATHANIEL TULLIES signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2119(1) and 18 U.S.C. § 2 to which NATHANIEL TULLIES agrees to plead guilty carries a statutory maximum prison sentence of 15 years.

The violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2 to which NATHANIEL TULLIES agrees to plead guilty carries a maximum prison sentence of life and a statutory mandatory minimum term of 7 years imprisonment, which term of imprisonment must run consecutively to any term of imprisonment imposed under any other provision of law, including any term of imprisonment imposed for Count One of the Complaint (carjacking).

Each count carries a statutory maximum fine equal to the greatest of: (1) $250,000 or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest. As set forth above, the term of imprisonment on Counts One and Two must run consecutively.

The sentence to be imposed upon NATHANIEL TULLIES is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence NATHANIEL TULLIES ultimately will receive.

Further, in addition to imposing any other penalty on NATHANIEL TULLIES, the sentencing judge: (1) will order NATHANIEL TULLIES to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) shall order NATHANIEL TULLIES to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; and (3) pursuant to 18 U.S.C. § 3583, may require NATHANIEL TULLIES to serve a term of supervised release of not more than 3 years on Count One, and not more than 5 years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should NATHANIEL TULLIES be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, NATHANIEL TULLIES may be sentenced to not more than 2 years' imprisonment with respect to Count One, and not more than 5 years' imprisonment with respect to Count Two, which may run consecutively, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on NATHANIEL

TULLIES by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.   In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of NATHANIEL TULLIES's activities and relevant conduct with respect to this case.

Stipulations

This Office and NATHANIEL TULLIES agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which is hereby made a part of this plea agreement.   This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.   To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.   Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.   Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.   A determination that any stipulation is not binding shall not release either this Office or NATHANIEL TULLIES from any other portion of this agreement, including any other stipulation.   If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and NATHANIEL TULLIES waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.   The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.   The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.   The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.   Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and

agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.   However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against NATHANIEL TULLIES.   This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against NATHANIEL TULLIES.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between NATHANIEL TULLIES and this Office and supersedes any previous agreements between them.   No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: ELIZABETH M. HARRIS
Assistant U.S. Attorney

APPROVED:

David Malagold
Chief, Organized Crime/Gangs

4

I have received this letter from my attorney, Peter M. Carter, Esq.   I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences.   I understand this letter fully.   I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.   I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


_____        Date: __11/21/13__
NATHANIEL TULLIES



I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, and immigration consequences.   My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: __11/21/13__
PETER M. CARTER, ESQ.


5

Plea Agreement With NATHANIEL TULLIES

Schedule A

1.      This Office and NATHANIEL TULLIES recognize that the United States Sentencing Guidelines are not binding upon the Court.   This Office and NATHANIEL TULLIES nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence NATHANIEL TULLIES within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and NATHANIEL TULLIES further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

**Count One: Carjacking**
**(18 U.S.C. § 2119(1) and 18 U.S.C. § 2)**

2.      The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.

3.      As respects Counts One, the applicable guideline is U.S.S.G. § 2B3.1. This guideline carries a Base Offense Level of 20.

4.      Because the offense involved a carjacking, Specific Offense Characteristic U.S.S.G. § 2B3.1(b)(5) applies, resulting in an increase of 2 levels.

5.      The offense involved the brandishing of a firearm within the meaning of U.S.S.G. § 2B3.1(b)(2)(B).   In this case, however, a sentence under U.S.S.G. § 2K2.4 will be imposed based on the defendant's plea of guilty to Count Two of the Complaint.   Therefore, pursuant to Application Note 4 to U.S.S.G. § 2K2.4, Specific Offense Characteristic §2B3.1(b)(2)(B) will not be applied to the offense level for Count Two.

6.      In accordance with Paragraphs 2-5 above, the total offense level applicable to Count One is 22.

**Acceptance of Responsibility**

7.      As of the date of this letter, NATHANIEL TULLIES has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged.   Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if NATHANIEL TULLIES's acceptance of responsibility continues through the date of sentencing.   See U.S.S.G. § 3E1.1(a).

8.      As of the date of this letter, NATHANIEL TULLIES has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources

6

efficiently. If NATHANIEL TULLIES enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition NATHANIEL TULLIES's offense level under the Guidelines prior to the operation of §3E1.1(a) is 16 or greater, NATHANIEL TULLIES will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

9.     In accordance with the above, the parties agree that the total guidelines offense level applicable to NATHANIEL TULLIES on Count One is 19.

**Count Two: Brandishing a Firearm During and In Relation to a Crime of Violence (18 U.S.C. §§ 924(c)(1)(A)(ii) and 18 U.S.C. § 2)**

10.     The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.   The applicable guideline for this offense is U.S.S.G. § 2K2.4. Pursuant to U.S.S.G. § 2K2.4.  This guideline sets the guideline sentence as the minimum term of imprisonment required by the statute, which in this case is 84 months.

11.     Thus, the total Guidelines offense level applicable to the defendant for both Counts One and Two is the Guidelines range that results by adding 84 months to the minimum and the maximum of the otherwise applicable Guidelines range determined for the violation of 18 U.S.C. § 2119(1), which, as set forth above, carries a total Guidelines offense level of 19.

12.     The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.   The parties further agree that, a sentence within the Guidelines range that results from the agreed total Guidelines offense level set forth in paragraph 11 is reasonable.

13.     NATHANIEL TULLIES knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level set forth in paragraph 9.   This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level set forth in paragraph 6.   The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.   The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14.     Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.